**UNITED STATES of America,
Appellee,**

v.

**Lee M. AYERS, Appellant.**

**No. 03–3050.**

United States Court of Appeals,
District of Columbia Circuit.

March 24, 2004.

Suzanne Grealy Curt, Assistant U.S. Attorney, John Robert Fisher, Assistant U.S. Attorney, Thomas J. Tourish, Jr., Assistant U.S. Attorney, Roscoe Conklin Howard, Jr., U.S. Attorney, U.S. Attorney's Office, Washington, DC, for Plaintiff–Appellee.

A. J. Kramer, Federal Public Defender, Neil H. Jaffee, Assistant Federal Public Defender, Washington, DC, for Defendant–Appellant.

Before: EDWARDS and HENDERSON, Circuit Judges, and WILLIAMS, Senior Circuit Judge.

### *JUDGMENT*

PER CURIAM.

This case was considered on the record from the United States District Court for the District of Columbia and on the briefs by counsel. It is

ORDERED that the judgment with respect to count two be vacated and the case remanded for resentencing on count one.

On November 26, 2002, Lee M. Ayers was convicted of two counts of possession of a firearm and ammunition by a felon, in violation of 18 U.S.C. § 922(g)(1). On April 30, 2003, he was sentenced to a term of imprisonment of fifty-three months. Ayers raises three claims on appeal: (1) the prosecutor misstated the burden of proof and the definition of reasonable doubt in his rebuttal argument; (2) his two convictions should merge under the Double Jeopardy Clause; and (3) his trial counsel was ineffective for failing to move for a judgment of acquittal on the second firearm count.

We review Ayers's first claim for plain error because he failed to object to the government's remarks at trial. Fed. R.Crim.P. 52(b); *see United States v. Venable*, 269 F.3d 1086 (D.C.Cir.2001). Even assuming that the prosecutor's statements constituted error, the statements were confined to a few sentences in rebuttal argument and there was substantial evidence of Ayer's guilt with respect to the firearm that was the subject of count one. *Id.* at 1091. Most important, the district court took ample steps to mitigate any harm that may have resulted from the prosecutor's rebuttal, both in its standard jury charge delivered before closing arguments and in its *sua sponte* curative instruction given after rebuttal. *See Venable*, 269 F.3d at 1091–92 (instruction cured prosecutor's improper remarks); *United States v. Catlett*, 97 F.3d 565, 573 (D.C.Cir. 1996) (same). Ayers has not demonstrated that these instructions were insufficient to cure any prejudice to him from the statements.

The parties have stipulated, and we agree, that Ayers's two counts of conviction under 18 U.S.C. § 922(g)(1) merge because the jury was neither instructed to, nor did it find, that Ayers separately acquired or stored the two firearms, as is required to sustain separate convictions for multiple weapons under section 922(g). *See United States v. Richardson*, 167 F.3d 621, 628 (D.C.Cir.1999); *United States v.*

**2**

*Cunningham,* 145 F.3d 1385, 1398–99 (D.C.Cir.1998). We therefore vacate count two, rendering it unnecessary for us to consider Ayers's ineffective counsel claim.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.